## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**EDWARD JAMES HOPSON**                                                      **PLAINTIFF**

**v.**                                                  **CIVIL CASE 3:18-cv-113-WHB-JCG**

**MERIDIAN STAR NEWSPAPER;**                                                **DEFENDANTS**
**WTOK-TV STATION;**
**ALEXANDER GOULD,** *General Manager of Meridian Star*; **and**
**TIM WALKER,** *General Manager of WTOK-TV*

## REPORT AND RECOMMENDATION THAT PLAINTIFF'S COMPLAINT BE DISMISSED AS FRIVOLOUS

BEFORE THE COURT is *pro se* Plaintiff Edward James Hopson's Complaint, filed *in forma pauperis*. (ECF No. 1). The Complaint alleges that the Meridian Star newspaper, WTOK television, and these entities' general managers (collectively referred to as Defendants) violated his First Amendment rights under the United States Constitution by failing to publish a story about him and other stories that he desired. It is recommended that Plaintiff's suit be dismissed as frivolous.

## BACKGROUND

Plaintiff contends that Defendants "have for seven (7) years now refuse to inform the public of a white on black crimes, in a city and county where blacks are the 'larger percentage' . . . and the biggest economic, and some instance, Blacks have become targets for human prey, as here." (ECF No. 1, at 1-2) [all sic in original]. Plaintiff submits that he is "contesting his rights as a black minority to freedom of speech, freedom of religious, and freedom of press, and freely challenge

the 'defendants' to charge him with 'perjury.'" *Id.* [all sic in original]. Plaintiff's fundamental complaint is that Defendants failed to publish a story about Plaintiff being purportedly framed by public law enforcement officers in 1989 for a crime he alleges that he did not commit. *Id.* at 4-5, 12-23.

On March 28, 2018, the undersigned issued an Order for Plaintiff to Show Cause Why His Complaint Should Not Be Dismissed as Frivolous. (ECF No. 4). The Order advised Plaintiff that in order to state a cause of action under 42 U.S.C. § 1983,

> "a plaintiff must allege facts showing that a person, acting under color of state law, deprived the plaintiff of a right, privilege or immunity secured by the United States Constitution or the laws of the United States." *Bryant v. Military Dep't of Miss.,* 597 F.3d 678, 686 (5th Cir. 2010). "A person acts 'under color of state law' if he engages in the misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. *Id.*
>
> Section 1983 does not reach private conduct. *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999). "[T]he under-color-of state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Id.* at 50 (internal citations and quotations omitted). "There are instances, though rare, when a private individual or company can be found to act under color of law, but 'state action may be found in those circumstances if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself.'" *Smith v. Pro Logistics, Inc.,* No. 3:14-cv-447-DPJ-FKB, 2014 WL 5107595, *3 (S.D. Miss. Oct. 10, 2004) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n,* 531 U.S. 288, 295 (2001) (internal quotations omitted)).

Because Plaintiff sued private, non-government actors, and did not allege facts supporting a finding that his case was one of the rare instances where private behavior could be treated as that of the State, the undersigned ordered that Plaintiff show cause why his Complaint should not be dismissed as frivolous.

ANALYSIS

To prevent abusive or captious litigation, the federal *in forma pauperis* statute, 28 U.S.C. § 1915, authorizes federal courts to dismiss a claim filed *in forma pauperis* "at any time if the court determines that -- the action or appeal is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Plaintiff has filed a Response (ECF No. 5) to the Order to Show Cause but has not cured the defects in his Complaint by providing facts upon which the Court could find that Defendants' private behavior could be treated as that of the State. The absence of any factual allegation from which a plausible cause of action could be inferred – even given the liberality with which *pro se* pleadings are to be construed – leads the undersigned to conclude that Plaintiff's lawsuit is legally frivolous. Plaintiff has filed numerous suits in this Court, most while imprisoned, and four have been dismissed as frivolous. *See Hopson v. Compton,* 4:94-cv-58-TSL; *Hopson v. Newman,* 4:95-cv-104-TSL; *Hopson v. Vick,* 4:95-cv-105-TSL; *Hopson v. Miller,* 4:97-cv-163-TSL. The undersigned recommends that this suit also be dismissed as frivolous.

NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 27th day of April, 2018.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE