IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**EDWARD JAMES HOPSON**                                                **PLAINTIFF**

VS.                                CIVIL ACTION NO. 3:18-cv-113-WHB-JCG

**MERIDIAN STAR NEWSPAPER, ET AL.**                                   **DEFENDANTS**

### OPINION AND ORDER

This cause is before the Court on the Report and Recommendation ("R and R") of United States Magistrate Judge John C. Gargiulo, recommending that this civil action, in which Plaintiff is proceeding *pro se* and *in forma pauperis*, be dismissed on the grounds it is legally frivolous. Having considered the R and R, Plaintiff's Objection thereto, as well as supporting and opposing authorities, the Court finds the R and R should be adopted in its entirety, and that this case should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because it is both legally frivolous and fails to state a claim upon which relief can be granted.

### I.  Factual Background and Procedural History

Edward James Hopson ("Hopson") filed a lawsuit in this Court against the Meridian Star Newspaper and its General Manager, Alexander Gould, and WTOK-TV Station and its General Manager, Tim Walker. According to Hopson, the named defendants have violated his constitutional rights, as protected by the First and Fourteenth

Amendments, by refusing to provide media coverage on his claim that he was the victim of a racially motivated hate crime in Lauderdale County, Mississippi, which culminated with his being arrested/convicted on an allegedly false charge of armed robbery in 1989. See e.g. Comp. [Docket No. 1], 1 (arguing that Defendants have refused to inform the public of "a racially motivated 'hate' crime [that was] ordered and carried out against Plaintiff", thereby aiding the concealment of those "criminal activities"); Id. at 3 (arguing that the "use of differing substandards for determining who gets news coverage when a crime is committed is a direct violation" of the law); Id. 4-5 (arguing that Defendants have refused Hopson's requests for "news coverage" of his story for over seven years thereby interfering with his "protected constitutional rights to speak out in public" and "to exercise his ... rights to freedom of speech and freedom of the press"; Resp. [Docket No. 5], 2 (arguing that Defendants, by refusing to provide media coverage of his story, have acted "to support ... the continue[d] concealment of a racially motivated hate crime", of which he was the victim); Id., at 5 (arguing that Hopson's recorded interviews "should have been shown to local news coverage because ... area news is area news".). Through his Complaint, Hopson seeks $500,000,000.00 in damages from each defendant, and an Order requiring Defendants to provide "public awareness" that he was the "victim to a racially motivated hate crime". Compl. at 5-6.

The matter first came before United States Magistrate Judge John C. Gargiulo on Hopson's Motion to Proceed *In Forma Pauperis*. After reviewing the pleadings, Judge Gargiulo questioned the adequacy of Hopson's claims on the grounds that none of the Defendants were state actors or allegedly acting under the color of state law as required to maintain a claim under 42 U.S.C. § 1983. See Order [Docket No. 4], 2-3. Based on this finding, Judge Gargiulo required Hopson to show cause as to the reason the case should not be dismissed for lack of merit, that is to show that Defendants were acting under the color of state law as required to establish liability. Hopson filed the required response, and the matter again came before Judge Gargiulo. After reviewing the Response, Judge Gargiulo found that Hopson had not "cured the defects in his Complaint by providing facts upon which the Court could find that Defendants' private behavior could be treated as that of the State." R and R [Docket No. 6], 3. Based on the "absence of any factual allegation from which a plausible [Section 1983] cause of action could be inferred, see id., Judge Gargiulo concluded that Hopson's lawsuit was "legally frivolous", and entered a R and R recommending its dismissal for that reason. Id. Hopson timely objected to the R and R.

## II. Discussion

A district judge's review of a magistrate judge's ruling on

3

a dispositive motion is governed by Rule 72(b) of the Federal Rules of Civil Procedure. Under this Rule, a magistrate judge, when considering a "pretrial matter dispositive of a claim or defense" ... "must enter a recommended disposition, including, if appropriate, proposed findings of fact." FED. R. CIV. P. 72(b)(1). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Id. at 72(b)(2). Upon receiving an objection, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Id. at 72(b)(3).

Here, Judge Gargiulo recommended that Hopson's lawsuit be dismissed as legally frivolous because the Section 1983 civil/constitutional rights claims he alleges cannot be maintained against the defendants, who are all private individuals/companies. In his Objection, Hopson has not presented any argument or factual allegations that would either (1) show that the named defendants are state actors, or (2) permit an inference that their private behavior could be treated as state action. Instead, the Objection focuses on activities allegedly undertaken by the State of Mississippi itself, which include intentionally committing illegal

4

criminal acts and supporting the Ku Klux Klan. See Objection, 7.

After conducting the required de novo review of the R and R, Hopson's Objection to the R and R, and the other pleadings in this case, the Court agrees that Hopson's claims are legally frivolous because private actors, like the defendants in this case, cannot be liable for constitutional violations under Section 1983.[1] Accordingly, the Court will adopt Judge Gargiulo's R and R recommending the dismissal of this case. See 28 U.S.C. § 1951(e)(2)(B)(i)&(ii)(providing: "[T]he court shall dismiss the case at any time if the court determines that the action ... (i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted"); Peters v. Klevenhagen, 1995 WL 581581, at *1 (5th Cir. Aug. 25, 1995)(explaining that a "complaint filed *in forma pauperis* may be dismissed as frivolous pursuant to § 1915 if it has no arguable basis in law or fact.").

### III. Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Report and Recommendation of Magistrate Judge John C. Gargiulo [Docket No. 6] is hereby adopted over Plaintiff's Objection. This case is hereby dismissed pursuant

---

[1] Additionally, Hopson does not have a constitutional right to media coverage. See Muir v. Alabama Educ. Television Comm'n, 656 F.2d 1012 (5th Cir. 1981)(explaining that viewers do not have constitutional right to dictate broadcasts or program choices).

to 28 U.S.C. § 1915(e)(2)(B)(i)&(ii) because the Complaint is legally frivolous and fails to state any claim on which relief may be granted. An Order of Dismissal dismissing this case with prejudice shall be entered this day.

SO ORDERED this the 11th day of June, 2018.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE
